# Reading and Columbia Railroad Company *versus* Latshaw.

93　449
144　476
93　449
179　616
93　449
20 SC　166

1. The fact that after the passage of a train dry grass and other combustible materials were discovered burning along the line of a railroad is not of itself evidence of negligence on the part of the railroad company.

2. In an action against a railroad company for damages, alleged to have been caused by fire lighted by sparks from a locomotive, it appeared from the evidence on the part of the plaintiff that the fire occurred when the day was dry and windy, and the grass along the line of the road was in a very combustible condition; that after the train had passed smoke and fire were observed at several points near the burning. It was not shown that the sparks were of an extraordinary size, nor was there any testimony from which a failure to use a sufficient spark-arrester or improper management of the locomotive could be inferred. On the contrary it was shown by the company that the spark-arrester was of the most approved kind and in good order, and that reasonable care was exercised in running the engine. *Held,* that the evidence of negligence on the part of the defendant was not sufficient to submit to the jury.

March 5th 1880. Before SHARSWOOD, C. J., GORDON, PAXSON, TRUNKEY and STERRETT, JJ. MERCUR and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Berks county:* Of July Term 1879, No. 16.

Case by John Latshaw against the Reading and Columbia Railroad Company, for burning his grass, fences and woods, which he alleged was caused by sparks emitted from a locomotive of defendant.

An appeal was taken from the award of a board of arbitrators, and the case came on for trial on September 6th 1875.

The evidence disclosed the following facts: On April 5th 1872, a freight train passed the plaintiff's field drawn by the locomotive "Oshkosh." The field was on the line of the road, and about a quarter of an hour after the train passed a fire was discovered therein. The fire first started in a stubble field about fifteen paces from the railroad, whence it spread to the adjoining woods and fences. It burned in the fields of three owners and extended on both sides of the railroad. Shortly after the train passed the smoke from the fire appeared, and was soon seen along the road from one hundred to five hundred yards. No one saw how the fire

12 NORRIS—29

originated. There was some wind blowing at the time. On the part of the defendant the general manager of the railroad, who was assistant-superintendent in 1872, testified that he was a practical machinist and had given much attention to the question of spark-arresters, and had experimented therewith; that the one in use on this locomotive, at the time of the fire, was the best in use in the year 1872. The chief-engineer of the railroad, the engineer of machinery and the superintendent, all testified to the effect that the spark-arrester on the Oshkosh was the most approved in use at that time; that it was made the duty of the engineer to see that the spark-arresters were daily examined; that the wear or any break therein could be easily detected; that a neglect to have them inspected daily by the employee charged with that duty would cause his removal. The engineer who was in charge of the locomotive also testified that, on the day of the fire he had personally examined the arrester and found it in good order.

The following were among the points of the defendant, with the answers of the court thereto:

1. That as the only evidence offered by plaintiff was, that shortly after the freight train passed, on the morning of the 5th of April 1872, the grass was seen to be on fire, there is no evidence of negligence in the case, because the burning of the grass along the line of the road is not negligence, nor evidence thereof, and therefore the verdict must be for defendant: Railroad Co. *v.* Hendrickson, 30 P. F. Smith 190.

2. That as the uncontradicted testimony of the case shows, that the spark-arrester on the locomotive was of the most efficient kind and in good condition, and there is no evidence of mismanagement or carelessness in the running of the train, the defendants are not guilty of negligence, and the verdict must be for the defendants: Railroad Co. *v.* Yerger, 23 P. F. Smith 121.

Ans. " The mere fact of grass burning along the line of the road is not of itself evidence of negligence; and if the jury find that the spark-arrester was of the most efficient kind and in good condition, and the train was carefully run, the verdict must be for the defendants. But the jury may consider the evidence, as testified to by plaintiff's witness of fire on both sides of the road, in Zinn's, Fisher's and Latshaw's fields, from ten to fifteen steps from the railroad, and of the smoke above and below, from one hundred to five hundred yards, in determining whether negligence existed or not, and whether or not the spark-arrester was in good condition and the train carefully run."

4. That under the evidence, the verdict must be for the defendants.

Ans. " The court cannot charge as requested on this point."

In the general charge the court, Hagenman, P. J., inter alia, said:

[Reading & Columbia Railroad Co. *v.* Latshaw.]

"The locomotive named Oshkosh drew the train; and it is alleged by plaintiff, that the spark-arrester was defective and at fault; and as the engine travelled, an unusual quantity of sparks was thrown out, setting fire to the dried grass and fences on both sides of the road, and caused the burning complained of. The evidence of plaintiff, of Abraham Fisher, Isaac Fisher and James Beard, is submitted, and is relied upon to sustain this action. * * * The plaintiff's evidence showed, that after the train passed, the grass began to burn on both sides of the railroad, burnt in Zinn's field, Fisher's field, and two places in Latshaw's field, ten to fifteen steps from the railroad, and that it smoked along the road above and below, from one hundred to five hundred yards. This testimony tended to contradict that of defendants, however strong. It therefore becomes a question for the jury, and one which must be submitted for their decision. If the jury find that there was negligence on the part of the company in the running of the engine, whereby an unusual and extraordinary amount of fire was thrown out, firing the grass and fences and burning plaintiff's woods, the verdict should be for plaintiff for such damages as the jury find from the evidence he has sustained."

Verdict for plaintiff for $190.95, and after judgment thereon, defendant took this writ and, inter alia, alleged, that the court erred in the above answers to the points, and in the portion of the charge noted.

*George F. Baer*, for plaintiff in error.—The rule laid down in Railroad Co. *v.* Hendrickson, 30 P. F. Smith 190, that "when a railroad company uses the most approved spark-arrester, and proper care and vigilance in the running of engines, and the landowner's barn, or haystack, or meadow takes fire, he has no remedy," is of no practical protection to railroad companies, so long as its application is referred to the decision of a jury.

One great fault of the charge was, that it magnified the facts proven, and supplemented them with allegations of negligence not proven. There was no evidence that " as the engine travelled an unusual quantity of sparks was thrown out;" that it was running faster than usual; that there was carelessness in handling the fire, or that the spark-arrester or machinery was in any way defective.

From mere testimony that the grass along the railroad was seen burning on a day after a train passed, it is not proper to allow a jury to infer negligence against the uncontradicted evidence of defendants, that the spark-arrester was perfect and the fires properly handled: Railroad Co. *v.* Hendrickson, *supra;* Pennsylvania Rail road Co. *v.* Stranahan, 29 P. F. Smith 405; Railroad Co. *v.* Yer ger, 23 Id. 121.

*A. G. Green*, for defendant in error.—The defendants' conten-

[Reading & Columbia Railroad Co. v. Latshaw.]

tion is, that because the testimony of the company's witnesses as to the perfect condition of the spark-arrester, and the careful management of the engine on the day of the fire, was not contradicted, therefore, there was nothing for the jury to pass upon. The trial was by jury; and whether uncontradicted or not, it was still for the jury to say whether they believed this evidence. The plaintiff gave evidence of a number of fires kindled, as he alleged, by sparks from the freight train. This was evidence of negligence. The testimony in regard to the spark-arrester was intended to contradict this evidence. It was certainly proper for the jury to say whether they believed this testimony or not. [See Jennings *v.* Railroad Co., *ante*, page 337, and Schultz *v.* Railroad Co., *ante*, page 341.—Rep.]

Mr. Justice STERRETT delivered the opinion of the court, March 15th 1880.

It must be conceded that the plaintiff below was not entitled to recover without sufficient evidence of negligence, on the part of the railroad company, in consequence of which his property was injured or destroyed. The only allegations of negligence were the failure of the company to use a sufficient spark-arrester, and carelessness in the management of its engine. There was not a particle of direct evidence of either, and the jury was asked to infer one or both from the fact that the dry grass, stubble, &c., were ignited in several places on both sides of the road. The substance of the testimony, on the part of the plaintiff was, that on the 5th of April, when the fire occurred, the weather was dry and windy, and the dead grass, &c., along the line of the road was in a very combustible condition; that, after the freight train had passed, smoke and fire were observed at several points in the immediate vicinity of the burning. It was not shown that sparks of an extraordinary or unreasonable size were emitted, nor was there any other testimony from which failure to use a sufficient spark-arrester, or improper management of the engine could reasonably be inferred. On the contrary it was shown, on the part of the company, that the spark-arrester in use was one of the most approved kind and in good order, and that reasonable care was exercised in running the engine.

The company in operating its road had an undoubted right to use steam-engines; and no person, natural or artificial, is answerable in damages for the reasonable exercise of a right, accompanied with a proper regard for the rights of others. The company was bound, however, to use spark-arresters of the most approved kind, keep them in good order, and exercise reasonable care and diligence in running its engines. It was shown affirmatively, by uncontradicted testimony, that all this had been done. The bare fact that dry grass and stubble on the line of the road were ignited, was not of itself evidence of negligence in either of these particu-

[Reading & Columbia Railroad Co. v. Latshaw.]

lars.   It is impossible to so construct or equip an engine that no sparks will be emitted.   The most that can be done is to prevent the escape of large sparks or coals.   The most approved spark-arresters necessarily permit the escape of small sparks, and if these come in contact with dry and combustible material on a windy day, the result is very frequently a fire, more or less extensive, according to the kind and quantity of material at hand for it to feed upon.   The burning of dry grass and other combustible material along the line of the road, in the manner testified to in this case, without more, was neither negligence nor evidence from which a jury would be justified in finding negligence.   The principle involved in this case was recognised and applied in Jennings v. The Railroad Co., *ante*, page 337.   Upon a state of facts, differing in no essential particular from those of the present case, the jury was instructed to render a verdict for the defendant ; and in affirming the judgment it is said :   " To hold that the fact of the fire having taken place was prima facie evidence that the spark-arrester was defective, and, therefore, that the case ought to be submitted to the jury, would be practically to hold railroad companies liable for all fires ; for it is a notorious fact that no spark-arrester has yet been invented to prevent all sparks, and a little spark may kindle as large a conflagration as a large one.   It depends on the dryness or humidity of the atmosphere whether a spark will go out before reaching the ground, and whether what it reaches is in a condition to be easily ignited."

We are of opinion that the testimony was insufficient to justify the submission of the case to the jury.

Judgment reversed.

The plaintiff subsequently petitioned the Supreme Court to award a new venire, on the ground that there was additional evidence existing on the subject of negligence which, in the opinion of counsel, would be sufficient to establish negligence on the part of the employees of the company.

The petition was refused.